WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>Randall Riggs, )<br>)<br>Defendant. )<br>_____ ) | CR 05-4252M<br><br>**MEMORANDUM AND ORDER** |

Before the Court is Defendant's Motion for Jury Trial. Defendant asserts he has a Sixth Amendment right to a jury trial and also seeks a jury trial pursuant to the Court's discretionary powers, Article III, § 2, cl. 3 of the United States Constitution.

Defendant is charged with a class B misdemeanor, i.e., knowingly engaging in sexual contact with a female without her permission, in violation of 18 U.S.C. § 2244(b) as defined by § 2246(3). If convicted of this charge, Defendant may be sentenced to a maximum term of six months imprisonment and a fine. See 18 U.S.C. § 2244(b) (2000 & Supp. 2005). If convicted of the charge against him, Defendant might be forced to register as a sex offender pursuant to federal and Arizona state law. See id. § 4042(c).[1]

---

[1] Section 4042(c) requires the Bureau of Prisons to notify state and local authorities of the release of a sexual offense, i.e., those convicted of crimes such as those specified in section 109A of Title 18. The Bureau of Prisons is also required to inform the releasee of the state registration requirement. However, Arizona law does not appear to require registration of those convicted of "sexual abuse" if the victim was over the age of eighteen. See Ariz. Rev. Stat. Ann. §§

1    A criminal defendant is constitutionally entitled to a trial by jury only when he
2 is accused of a sufficiently "serious" crime to warrant a jury trial. See <u>United States v.</u>
3 <u>Nachtigal</u>, 507 U.S. 1, 4-6 (1993) (concluding that a charge of driving under the influence
4 in a national park was not sufficiently serious to warrant a jury trial notwithstanding the
5 potential for the imposition of a lengthy term of probation, including potential confinement
6 to a community treatment facility, after the defendant's release from incarceration). "It is
7 well established that the Sixth Amendment, like the common law, reserves this jury trial right
8 for prosecutions of serious offenses, and that there is a category of petty crimes or offenses
9 which is not subject to the Sixth Amendment jury trial provision." <u>Lewis v. United States</u>,
10 518 U.S. 322, 325 (1996) (internal citations and quotations omitted).

11    The federal courts presume that a crime for which the prescribed punishment is
12 a maximum of six months incarceration is not sufficiently serious to warrant a trial by jury,
13 because the prescribed maximum penalty is an indication of the legislature's determination
14 of the serious nature of the crime. See <u>Blanton v. North Las Vegas</u>, 489 U.S. 538, 543
15 (1989). However, a defendant may be granted a jury trial if he

> can demonstrate that any additional statutory penalties, viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense in question is a "serious" one. This standard, albeit somewhat imprecise, should ensure the availability of a jury trial in the rare situation where a legislature packs an offense it deems "serious" with onerous penalties that nonetheless "do not puncture the 6-month incarceration line."

<u>Id.</u>.

    The federal courts have concluded that registration as a convicted sexual offender, pursuant to a state or federal statute, is not "punishment" imposed on the convicted. <u>Cf.</u>

---

13-3821(A)(3) & 13-1404 (2001 & Supp. 2004). Additionally, 42 U.S.C. § 14072(i) declares it to be a federal crime for a releasee to fail to register with the FBI if the releasee has committed a crime against a minor, has committed a sexually violent crime, is a sexually violent predator, or is required to register under a state's sexual offender registration program. Both 18 U.S.C. § 3563(a)(8) and 18 U.S.C. § 3583(d) make it a mandatory condition of probation or supervised release for a defendant subject to the conditions of § 4042(c)(4) to register with the state in which he resides..

- 2 -

Smith v. Doe, 538 U.S. 84, 98 (2003) (concluding that sex offender registration required by state law is not punishment and, therefore, that it does not violate the ex post facto clause of the Constitution); Hatton v. Bonner, 356 F.3d 955, 964-66 (9th Cir. 2004).

> The Supreme Court has told us repeatedly, and in no uncertain terms, that by far the most significant factor in determining whether something is a petty offense is the maximum term of imprisonment. []. Where the maximum term of imprisonment is six months or less, there is a very strong presumption that the offense is petty and defendant is not entitled to a jury trial. [] Other types of *punishment* in lieu of, or in addition to, incarceration may have some bearing on the question, but these punishments are normally considered far less significant. []
> *Nevertheless, there clearly comes a point where potential punishment other than incarceration may be so severe that the offense will no longer be considered petty. This is especially true if the punishment may be imposed in addition to a term of imprisonment. At the same time, the possibility of some non-custodial punishment, even in addition to a six-month term of imprisonment, will not change the character of the punishment sufficiently to render the offense serious.*
> The question is how intrusive or severe the additional punishment may be. [] Where the additional punishment could involve the imposition of a very large fine, or a very long period of probation, or the forfeiture of substantial property, the severity of the total punishment may be sufficiently great so as to turn what would otherwise be a petty offense into a serious one.

United States v. Ballek, 170 F.3d 871, 876 (9th Cir. 1999) (internal citations omitted and emphasis added).

Defendant argues that, because a conviction on this misdemeanor charge includes the possibility of sex offender registration, the consequences of a conviction render his case sufficiently serious to warrant a trial by jury. The Court concludes, absent any published legal opinion from a federal court to the contrary, that Defendant's potential exposure to registration as a sex offender does not transform the petty offense of which he has been accused into a "serious" offense implicating his constitutional right to a trial by jury on this Class B misdemeanor charge. See United States v. Clavette, 135 F.3d 1308, 1310-11 (9th Cir. 1998) (concluding that a violation of the Endangered Species Act was not a "serious" crime warranting a jury trial and noting "The Supreme Court has only once found a crime with a prison sentence of six months or less to be serious. In that case, the fine was $52 million"); United States v. Chavez, 204 F.3d 1305, 1310-16 (11th Cir. 2000); United States

1  v. Soderna, 82 F.3d 1370, 1377-79 (7th Cir. 1996); United States v. Cain, 454 F.2d 1285,
2  1287-88 (7th Cir. 1972).

3        Defendant also asks the Court to exercise its discretion to grant Defendant a jury
4  trial, in part because his "case carries extraordinary consequences for [Defendant] insofar as
5  the sex offender registration." As compared to an Article III judge, the powers and discretion
6  of a magistrate judge are limited, and the powers and discretion of a magistrate judge
7  specified by federal statutes and rules are to be narrowly construed. See United States v.
8  Gomez-Lepe, 207 F.3d 623, 629 (9th Cir. 2000). Federal statutes, i.e., 28 U.S.C. § 636(a)(3),
9  provide that a magistrate judge shall have the power to conduct trials as provided in 18
10 U.S.C. § 3401, however, such trials shall be "...in conformity with and subject to the
11 limitations of that section." Section 3401(b) provides that, other than for a petty offense, a
12 defendant may have a right to a jury trial. Similarly, Rule 58(b)(2)(F), Federal Rules of
13 Criminal Procedure provides that, other than for a petty offense, a defendant has a right to
14 a jury trial. Additionally, Rule 57.6(d)(17) of the Local Rule of Criminal Procedure for the
15 United States District Court for the District of Arizona permits a magistrate judge in this
16 district to conduct jury trials in misdemeanor cases if the defendant so requests and the
17 defendant is entitled to a jury trial "...under the Constitution and laws of the United States."
18 Pursuant to the foregoing, the Court does not believe it has any inherent authority or
19 discretion to grant a jury trial if that authority can not be found in the "Constitution and laws
20 of the United States." Because Defendant is charged with a petty offense, a review of the
21 above mentioned authority fails to disclose any basis to conclude this Court has the inherent
22 discretion to order a jury trial.

23       The cases cited by Defendant in his motion for a jury trial do not require a
24 contrary conclusion. In Ross v. Bernhard, 396 U.S. 531, 550 (1970), a civil stockholder
25 derivative suit, a majority of the Supreme Court concluded the plaintiffs had a constitutional
26 right to a jury trial pursuant to the Seventh Amendment. Justice Stewart's statement in the
27 dissenting opinion in Ross, that nothing in the "Constitution or the Rules" prevented the
28 district court from granting a jury trial, referred to the Seventh Amendment and Rule 23,

Federal Rules of Civil Procedure in the context of a class action suit. In <u>United States v. Greenpeace, Inc.</u>, 314 F. Supp. 2d 1252, 1263 (S.D. Fla. 2004), Judge Jordan (an Article III judge) held that, absent a statute, rule, or legal precedent to the contrary, he had the discretion to grant a jury trial in a case involving a petty offense. Judge Jordan's opinion does not mention Rule 58(b)(2)(F), Federal Rules of Criminal Procedure. Although this opinion cites 18 U.S.C. § 3401(b) for the proposition that magistrate judges may try petty offenses, it does not discuss the more limiting language found in section 3401(b). Additionally, <u>Smith v. United States</u>, 128 F.2d 990, 991-92 (5th Cir. 1942), simply stands for the proposition that, because Congress had not addressed the issue in 1942, a district court judge could grant a jury trial in a case involving a petty offense. As discussed, supra, Congress has spoken to this issue since 1942. <u>See</u> also <u>United States v. Merrick</u>, 459 F.2d 644, 645-46 (4th Cir. 1972). Finally, <u>United States v. Beard</u>, 313 F. Supp. 844, 845-46 (D. Minn. 1970), stands for the same principal as that stated in <u>Smith</u> and, therefore, is not dispositive of the issue before the Court.

The Court concludes, however, that even if it possessed the discretion and authority to grant a jury trial as urged by Defendant, this matter does not warrant the exercise of that discretion to grant Defendant a trial by jury. The alleged facts and legal issues involved in this case do not warrant empaneling a jury to resolve them.

**THEREFORE, IT IS ORDERED THAT** Defendant's motion for a jury trial is **DENIED**.

DATED this 6th day of December, 2005.

_____
Mark E. Aspey
United States Magistrate Judge